HUGH B. FULTON v. ROBERT W. RICE

No. 7130DC692

(Filed 17 November 1971)

1. Contracts § 6— contractors' licensing statute — what constitutes a general contractor — "cost of undertaking" defined

In determining whether a contractor who undertakes to build a house is a "general contractor" within the meaning of G.S. 87-1, which provides that a person is a general contractor if the cost of the undertaking is $20,000 or more, the term "cost of undertaking" is construed as the contractor's contract price, not the total cost of the building.

2. Contracts § 6— unlicensed contractor — right to maintain counterclaim against homeowner

An unlicensed contractor whose contract price to erect a house was less than $20,000 is not barred from maintaining a counterclaim against the homeowner for the balance due on the contract, notwithstanding the homeowner's obligations to third parties raised the total cost of the home to more than $20,000.

3. Statutes § 10— construction of criminal statute

A statute which imposes criminal penalties for its violation must be strictly construed.

4. Statutes § 5— statutory restriction of occupation

A statute restricting the practice of an otherwise lawful occupation to a special class of persons must be construed so as not to extend it to activities and transactions not intended by the legislature to be included.

APPEAL by defendant from *Leatherwood, District Judge,* 26 May 1971 Session of District Court held in JACKSON County.

The plaintiff is the owner of an interest in land located in Jackson County, North Carolina. On 29 August 1968 the plaintiff entered into a written contract with defendant for

the erection of a pre-cut log cabin on plaintiff's property. The plaintiff was to provide all materials, including the structure but excluding miscellaneous materials. The defendant was to provide and supervise the labor required to erect the structure plus miscellaneous materials. He was to be paid the cost of the labor and miscellaneous materials plus ten per cent.

Defendant's original estimate for the cost of his services was less than $15,000.00. At the time of this appeal the defendant claims to be entitled to a total of $12,698.67 of which plaintiff has paid $11,189.07. The balance claimed by defendant is $1,590.60. The plaintiff incurred additional expenses with third parties in the amount of $9,170.12 for building materials and supplies, transportation of the supplies to the construction site, and engineering and site preparation. The total cost of the building to the plaintiff was $21,868.79. The defendant was not licensed as a "general contractor" under G.S. 87-1 at the time the contract was entered and the work performed.

On September 5, 1969, plaintiff filed suit against the defendant alleging that defendant had breached the contract through faulty workmanship and that as a result the plaintiff has been damaged in the amount of $5,000.00. The defendant answered and counterclaimed for $1,590.60, the balance alleged to be due the defendant under the contract.

On April 21, 1971, plaintiff moved for dismissal of defendant's counterclaim alleging that defendant acted as a general contractor by undertaking to construct a building costing $20,000.00 or more; that defendant was not licensed as required by G.S. 87-1; and that an unlicensed contractor was barred from recovery where he undertook construction costing $20,000.00 or more in violation of G.S. 87-13. Matters outside the pleading were presented. The trial court found no material issue of fact and, treating plaintiff's motion as one for summary judgment, entered judgment dated 26 May 1971 dismissing defendant's counterclaim.

From this judgment, the defendant appeals.

*Millar, Alley and Killian by Leon M. Killian III for plaintiff appellee.*

*Morgan, Ward and Brown by H. S. Ward, Jr., for defendant appellant.*

VAUGHN, Judge.

**[1, 2]** The sole question raised on appeal is whether the defendant by entering into the instant contract became a general contractor within the meaning of G.S. 87-1 and was thus barred from recovery on his counterclaim because of his failure to have the license required by Chapter 87 of the General Statutes.

The statute in effect at the time of the institution of this suit defined a "general contractor" as

> " . . . one who for a fixed price, commission, fee or wage, undertakes to bid upon or to construct any building, highway, sewer main, grading or any improvement or structure where the cost of the undertaking is twenty thousand dollars ($20,000.00) or more and anyone who shall bid upon or engage in constructing any undertaking or improvements above mentioned in the State of North Carolina costing twenty thousand dollars ($20,000.00) or more shall be deemed and held to have engaged in the business of general contracting in the State of North Carolina.

> "This section shall not apply to persons or firms or corporations furnishing or erecting industrial equipment, power plant equipment, radial brick, chimneys, and monuments."

The plaintiff contends that in determining whether a contractor is a general contractor within the meaning of G.S. 87-1, the court must look to the owner's total cost of the structure. If it exceeds the statutory amount, the contractor is a general contractor.

The defendant contends that the cost of the contractor's undertaking is determinative. This would, in most cases, be the contract price or the amount paid the contractor.

**[3, 4]** Certain principles of construction must be applied in arriving at a decision in this case. The statute before us imposes criminal penalties for its violation. G.S. 87-13. It must be strictly construed and its scope may not be extended by implication beyond the meaning of its language so as to include offenses not clearly described. *Vogel v. Supply Co. and Supply Co. v. Developers, Inc.*, 277 N.C. 119, 177 S.E. 2d 273 (1970) (citing cases). It is also a statute restricting the practice of an otherwise lawful occupation to a special class of persons and as such

it must be construed so as not to extend it to activities and transactions not intended by the legislature to be included. *McArver v. Gerukos,* 265 N.C. 413, 144 S.E. 2d 277 (1965).

[1, 2]  The statute defines a general contractor as "one who . . . undertakes to bid upon or construct any building . . . or structure where the *cost of the undertaking* is twenty thousand dollars ($20,000.00) or more . . . . " (emphasis added). These words must be construed strictly in favor of the defendant because the statute carries criminal penalties and is in derogation of the right to engage in a lawful occupation. *Vogel v. Supply Co. and Supply Co. v. Developers, Inc., supra.* The contractor is a general contractor if the cost of the undertaking exceeds $20,000.00. It is clear that the cost of the undertaking is determinative.

An undertaking is defined as, "[a]n engagement by one of the parties to a contract to the other, as distinguished from the mutual engagement of the parties to each other." Black's Law Dictionary, Rev. 4th Edition (1968).

The undertaking is the promise or engagement. The cost of the undertaking is therefore the cost of the promise or engagement. The contract price and the total cost of the building are frequently, if not usually, the same. But where this is not the case, to allow the owner's total cost of the building to be determinative, would leave the contractor at the mercy of the owner. In such a situation the contractor would have no control over the purchase of materials or other expenses which the owner might incur and no way of insuring that he did not exceed the statutory cost limitation and thus fall within the definition of a general contractor.

In the case before this Court, the cost of the contractor's undertaking was less than $20,000.00. He was not within the definition of "general contractor" in G.S. 87-1 and therefore his counterclaim against plaintiff was not barred as a matter of law. The plaintiff's motion should have been denied.

Reversed.

Judges MORRIS and PARKER concur.