This is an appeal from a judgment ordering a finance company to reimburse another company for paying an employee a $50,000 bonus. We affirm.
In 1952 Mutual Savings Life Insurance Company began lending money to Par Value by buying schedules of consumer paper at a discount from Par Value. Mutual's security for the line of credit to Par Value became seriously impaired in 1956. In an effort to forestall the failure of Par Value, with the attendant prospective loss of over $1 million to Mutual, and if possible to salvage the loan, Mutual asked Mrs. E.B. Montgomery to manage Par Value and allegedly made an oral agreement to pay her a $50,000 bonus if she could salvage Mutual's investment. Par Value then assigned its receivables to, among others, Mutual and Finance, Investment and Rediscount Co. (FIR), a Mutual-controlled company established to salvage Par Value through refinancing. Later upon her request, FIR paid Mrs. Montgomery a bonus of $54,000 in the form of progress payments. FIR assumed Mutual would reimburse these payments once Mutual's investment was salvaged. However, Mutual refused to set-off the $50,000 bonus against the unpaid balance of Par Value's debt to Mutual, claimed by Par Value to be $50,000.
Mrs. Montgomery sued Mutual for the recovery of $50,000 as a bonus for managing the affairs of Par Value so as to salvage Mutual's investment. This suit was dismissed on Mutual's plea in abatement, to the effect that the suit was premature. After Par Value made its final payment to Mutual, a second suit was brought in the name of Mrs. Montgomery. FIR was later *Page 1329 
added as a plaintiff and Mrs. Montgomery was dropped as a party. The jury verdict was for FIR for $50,000. FIR moved the court to amend the judgment to include pre-judgment interest, but the court did not rule on the motion. Mutual appeals.
 I.
Mutual first contends that there was no contract between Mutual and Mrs. Montgomery. However, there was sufficient evidence from which the jury could find that an oral contract existed. In addition to Mrs. Montgomery's own testimony, Robert Hutson, the vice-president of Mutual, testified that he hired her and agreed to pay her a conditional bonus. Moreover, Jacqueline Lawson, a bookkeeper at Par Value, testified that Melvin Hutson, president of Mutual, told her that Mutual would reimburse FIR for paying the bonus. Others, including a Mutual director and a certified public accountant, testified they were told about the bonus promise.
An employer's promise to give a bonus on a condition which is performed creates a contract. Meyerson v. New Idea Hosiery Co.,217 Ala. 153, 115 So. 94 (1927). There was ample evidence from which the jury could find that Mrs. Montgomery complied fully with the condition of salvaging Mutual's investment. The complaint in this suit was filed on December 7, 1972. The Mutual investment was salvaged in full by June of 1971, according to the evidence. Regardless of any alleged dealings between FIR and Mrs. Montgomery, the condition had been met and Mutual owed the bonus at the time suit was filed.
 II.
Mutual also claims that the six-year statute of limitations against the right of reimbursement has run and, thus, bars this action. The statute of limitations could not have run against FIR until it had run against Mrs. Montgomery, whose right of action did not accrue until June, 1971, when the Mutual investment was fully salvaged. See Smith v. Pitts, 167 Ala. 461,52 So. 402 (1910). Since the complaint was filed in 1972, a mere year after the six-year statute began to run, the action was not barred by the statute of limitations.
 III.
Mutual next argues that FIR was not an agent or surety for Mutual. We need not even reach the question of agency or suretyship because in past cases we have held that the right of subrogation extends to those "who pay the debt in self-protection, since they might suffer loss if the obligation is not discharged." 73 Am.Jur.2d Subrogation § 25 (1974). SeeHughes v. Howell, 152 Ala. 295, 44 So. 410 (1907); AmericanTrust Savings Bank v. Turner, 16 Ala. App. 602, 80 So. 176
(1918); Carter v. Carter, 251 Ala. 598, 38 So.2d 557 (1948). FIR had an interest in keeping Mrs. Montgomery as manager since she was a successful and experienced manager, familiar with their particular financial situation.
Moreover, Mutual received a substantial benefit from Mrs. Montgomery's managerial abilities, in the form of a recovery of over a million dollar loss. Mutual should not be allowed to so benefit without keeping its promise to Mrs. Montgomery.Industrial Dev. Bd. v. Fuqua Industries, Inc., 523 F.2d 1226
(5th Cir. 1975).
 IV.
The final question we need address is whether the judgment should include prejudgment interest. This question was raised in brief by FIR from an otherwise favorable judgment below. However, FIR did not appeal and Mutual's appeal does not present this question. The question of interest is not properly before this court because the Alabama Rules of Appellate Procedure do not allow an appellee to cross-assign errors without taking an appeal. See 9 Moore's Federal Practice § 204.11 [1] (2d ed.). Section 746 of Title 7 of the Code of Alabama, which allowed cross-errors, has been superseded by Rule 4 (a)(2) of the Alabama Rules of Appellate Procedure.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES, and BEATTY, JJ., concur. *Page 1330