This appeal involves the dismissal of a claim against appellee Housing Authority for negligence in failing to require a bond from a contractor under Tit. 50, § 16, Code of Alabama (1940) (Recomp. 1958).
In the complaint filed December 12, 1975, appellant Headley alleged that it was engaged in the building supply business; that it had supplied roofing materials to Robert G. Rhodes Roofing Company; that these materials were used by Rhodes on a roofing project for appellee under a contract executed on September 6, 1974; that Rhodes obtained the materials by agreeing he would have the proceeds made payable to appellant and himself; that the roofing project was completed on December 13, 1974, when appellee paid Rhodes in full; that Rhodes failed to pay appellant $8,659.08 due for the materials supplied; that appellant had recovered $960 of this amount; that appellee had failed to obtain a bond from Rhodes as required by Tit. 50, § 16; and that the negligence of appellee in failing to require the bond had resulted in the loss of $7,599.08.
Appellee moved to dismiss on December 22, 1975, because all plaintiffs were not parties as required by Rule 17, ARCP. Appellee on January 7, 1976, moved to dismiss under Rule 12 (b)(6), ARCP, for failure to state a claim upon which relief can be granted in that appellee was immune from a negligence suit (for failure to require bond) because engaged in "municipal activities." On March 2 both these motions were denied. Appellee answered and alleged as a defense that the claim did not accrue within six months of its commencement under Tit. 37, § 476, Code of Alabama (1940) (Recomp. 1958). A third party complaint against Rhodes was filed by appellee on April 13. On October 5 appellant made the following requests for admissions: that appellee did enter into a roofing contract with Rhodes, that appellee failed to comply with Tit. 50, § 16 as to the contracting and payment of contracts, and that appellee failed to obtain a bond from Rhodes. Under Rule 36 (a), ARCP, these matters are deemed admitted since appellee made no response. Appellee amended its answer by adding as a defense under Rule 8 (c), ARCP, that the claim was barred by the statute of limitations prior to the commencement of suit.
The trial court dismissed appellant's claim on December 9, 1976, after finding that work commenced on September 9, 1974, and that the complaint was filed more than one year from the time the claim accrued. Headley filed notice of appeal on January 19, 1977.
Before discussing the issue raised by appellant, we will dispose of appellee's cross-appeal. The issue raised by appellee is whether prior to the decision of Jackson v. City ofFlorence, 294 Ala. 592, 320 So.2d 68 (1975), did a municipal housing authority have sovereign immunity, or, alternatively, whether a municipal housing authority is liable to a material supplier for failure to require a contractor's bond under Tit. 50, § 16. The only evidence of an intent to *Page 534 
appeal by appellee is in a letter of April 20, 1977, to the clerk of this court in which appellee seeks an extension of time to file its brief under Rule 31, ARAP. We find no notice of appeal by appellee in the record. An appeal is properly taken by filing a notice of appeal within 42 days of judgment. Rules 3 (a)(1), 4 (a)(1), ARAP. Rule 4 (a)(2) of the Alabama Rules of Appellate Procedure is as follows:
 "If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days (2 weeks) of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires."
The questions raised by appellee in brief relating to sovereign immunity are not before this court because the Alabama Rules of Appellate Procedure do not allow an appellee to cross-assign errors without taking an appeal. See 9 Moore's Federal Practice, ¶ 204.11 (1). Section 746 of Title 7 of the Code of Alabama which allowed cross-errors, has been superseded by Rule 4 (a)(2) of the Alabama Rules of Appellate Procedure.Mutual Savings Life Ins. Co. v. Montgomery et al., Ala.,347 So.2d 1327 (1977).
Appellant's issue for review is whether the statute of limitations in a negligence action by a supplier against a municipal housing authority for failure to comply with Tit. 50, § 16 begins to run after awarding the contract and "before commencing such work" or after the job has been completed, a final settlement had, and actual damages done.
As relevant for our consideration here Tit. 50, § 16 states:
 "Any person, firm or corporation entering into a contract with the state or any county or municipal corporation or subdivision thereof in this state for the repair, construction or prosecution of any public buildings or public work, highways or bridges, shall be required, before commencing such work, to execute a performance bond, with penalty equal to fifty percent of the amount of the contract price, and in addition thereto, another bond with good and sufficient surety, payable to the state, county or municipal corporation or subdivision, letting the contract, in an amount not less than fifty percent of the contract price, with the obligation that such contractor or contractors shall promptly make payments to all persons supplying him or them with labor, materials, feed-stuffs or supplies for or in the protection of the work provided for in such contract, and for the payment of reasonable attorneys' fees, incurred by successful claimants or plaintiffs in suits on said bond; and any person, firm or corporation that has furnished labor, materials, feed-stuffs, or supplies for or in the prosecution or repair of any public building or public work, highways or bridges, and payment for which has not been made, shall be authorized to institute an action upon said bond in his or their name or names and to have their rights and claims adjudicated in such action and judgment rendered thereon; provided, however, that no suit shall be instituted on said bond until after forty-five days' written notice to the surety thereon of the amount claimed to be due and of the nature of the claim. Such suit shall be commenced not later than one year from the date of final settlement of said contract . . .
. . . . .
 "The contractor shall immediately after the completion of the contract give notice of said completion by an advertisement in some newspaper of general circulation published within the city or county wherein the work has been done for a period of four successive weeks. In no instance shall a final settlement be made upon the contract until the expiration of thirty days after the completion of same. . . ."
The statute is patterned after the Miller Act, 40 U.S.C. § 270a-270d, and was enacted for the same purposes. State ex rel.Wadsworth v. Southern Sur. Co., 221 Ala. 113, 127 So. 805
(1930); Price v. H.L. Coble *Page 535 Const. Co., 317 F.2d 312 (5th Cir. 1963). The purpose of the act is to provide security for those who furnish labor and material in performance of government contracts as a substitute for unavailable lien rights, and is liberally construed to accomplish this purpose. Warrior Constructors, Inc. v. Harders,Inc., 387 F.2d 727 (5th Cir. 1967).
It appears to be the theory of appellant that since the statute of limitations would not start to run under Title 50, § 16 where there is a bond until the date of final settlement, that the statute of limitations in the present suit should run from the date of final settlement. In this case payment to Rhodes, the contractor, was made on December 13, 1974, and under the pleadings it must be assumed that final settlement was on that date. We are unable to agree that the limitations of time within which suit could be brought on a bond would govern the present suit for negligence in failure to require bond as required by the statute.
The trial court found the claim accrued, in the words of the statute, "before commencing said work," and further found that the work commenced on September 9, 1974, and that the complaint was filed December 12, 1975, more than one year from the time the cause of action commenced.
The one year statute of limitations, Tit. 7, § 26, Code of Alabama (1940) (Recomp. 1958), governs in this cause, but the question presented is when does the time of limitation begin to run? In Brotherhood of Locomotive Firemen Enginemen v.Hammett, 273 Ala. 397, 140 So.2d 832 (1962), the plaintiff brought suit for damages incurred by his dismissal from employment with the railroad as a proximate consequence of wrongful interference by the engineers' union. The defendant contended that the action complained of had taken place more than one year prior to filing of the suit and was barred. The supreme court said:
 "Under the rule of the one-year statute, the time of limitation begins to run when the injury happens or damage accrues, and not from the date of the act causing the injury or damage. Corona Coal Company v. Hendon, 213 Ala. 323, 325, 104 So. 799. In the case at bar, plaintiff was not taken off the payroll of the L. N. until June 1, 1956. He suffered no loss of employment prior to June 1, 1956, and, for one year thereafter, was not barred from maintaining an action to recover for damage resulting from such loss of employment. The instant action was commenced within that year and appellant's contention with respect to the statute of limitations is without merit." 273 Ala. at 401, 140 So.2d at 835.
In Plant v. R.L. Reid, Inc., 294 Ala. 155, 313 So.2d 518
(1975), the supreme court had before it the constitutionality of Act No. 788, Acts of Alabama 1969, fixing a four-year limitation on time for bringing actions against persons who design improvements on real or personal property. After declaring the four-year limitation unconstitutional, the court held the two-year death statute operative. Justice Shores said:
 "These statutes are unlike traditional statutes of limitations in that, by the very nature of the traditional statute, it bars a cause of action solely because the plaintiff had slept on his rights and has not asserted a claim during a period when it could be successfully maintained. In tort cases, the date from which the traditional statute of limitations begins to run is the date upon which the cause of action accrues, normally the date the injury occurs. Brotherhood of Locomotive Firemen Eng. v. Hammett, 273 Ala. 397, 140 So.2d 832 (1962)."
. . . . .
 "A party has a right to bring an action in contract when the other party breaches the agreement. In tort actions, the breach of duty does not produce a cause of action until such breach proximately results in injury or damage. The statute of limitations begins to run from the time of injury in tort cases." 294 Ala. at 159-160, 313 So.2d at 521-522.
In Plant the defective work complained of was completed on or before October 31, 1965; Plant received injuries causing his death on November 25, 1972; and suit was filed November 15, 1973. The Supreme *Page 536 
Court of Alabama held the suit was timely filed.
We conclude, therefore, that the trial court was in error in holding that the cause of action was barred one year from the time work was commenced on September 9, 1974, the time fixed by Title 50, § 16 for filing the bond required. Plaintiff had suffered no damage until the materials were furnished and final payment was made to the contractor, Rhodes, by the housing authority. That date was December 13, 1974. Suit was filed on December 12, 1975, within one year.
It follows that the judgment appealed from must be reversed and remanded.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.