398 So.2d 232 (1981)
Bobby HAWKINS dba Hawkins Paving Company
v.
James W. LEAGUE.
79-515.
Supreme Court of Alabama.
March 27, 1981.
Rehearing Denied May 8, 1981.
*233 Currun C. Humphrey of Humphrey & Smith, Huntsville, for appellant.
J. Robert Miller of Culver & Miller, Huntsville, for appellee.
ADAMS, Justice.
Plaintiff appeals a judgment denying him additional items of cost incurred in the performance of an oral, fixed fee plus costs contract for paving and grading work. These were denied by the trial court on the grounds that plaintiff failed to prove the costs were reasonable. The court did award plaintiff the $10,000.00 fixed fee. Defendant did not cross-appeal.
*234 Bobby Hawkins, d/b/a Hawkins Paving company initially sued James W. League in quantum meruit for $27,724.75 due Hawkins for labor, equipment and materials supplied League in the construction of a mobile home park owned by League. In his answer, League raised a defense that the costs incurred by Hawkins in the paving and grading work were unreasonable and, thus, not recoverable. League also counterclaimed, alleging that Hawkins breached a written contract whereby Hawkins was to be the general contractor for the construction project.
Hawkins then amended his complaint, alleging that League fraudulently induced him to execute the written contract and had no intention to perform under it. In this amendment, Hawkins alleged that the true agreement between the parties was an oral contract whereby League was to pay on a $10,000.00 fixed fee plus costs basis, but Hawkins was not to serve as general contractor for the project. League replied that the oral contract relied on by Hawkins was void, since Hawkins had no "general contractor's" license as required by Code 1975, §§ 34-8-1 to -10.
The case was tried without a jury before Circuit Judge James C. Esco, who died before rendering a final decision in the case. The case was reassigned to Circuit Judge Daniel B. Banks, Jr. The parties entered a written stipulation that the record of the trial before Judge Esco be submitted to Judge Banks for final decision. Judge Banks made the following findings in his judgment from which Hawkins appeals:
1. That the plaintiff, Bobby Hawkins, entered into a verbal contract with the defendant, James W. League, for a fixed fee of $10,000.00 plus costs to perform work at the direction of the defendant on the defendant's mobile home park.
2. That the plaintiff and the defendant did commence the performance of said oral contract and the plaintiff did commence performance of the items of work at the direction of the defendant on the defendant's mobile home park.
3. That following the commencement of performance of the oral contract, the plaintiff and the defendant did execute a written contract dated July 28, 1975.
4. That following the execution of said written contract, both parties effectively abandoned said written contract and resumed the performance of work under the original verbal contract.
5. The Court finds that there was no actionable fraud involved in the execution of the written contract in that the Court finds that there was no reliance upon the written document to the detriment of the plaintiff.
6. The Court finds that the plaintiff Bobby Hawkins substantially performed the verbal contract to do items of work at the direction of the defendant on the defendant's mobile home park and that the plaintiff is entitled to recover the fixed fee of $10,000.00 as agreed upon by and between the parties.
7. The Court finds that the plaintiff has offered into evidence charges for additional items of cost which were to be paid under the verbal contract; however, the Court finds that the plaintiff has failed to prove that those charges for additional items of cost were reasonable as required by law.
8. The Court finds that the plaintiff Bobby Hawkins is not prohibited from recovery in this case for his failure to obtain a general contractors license in that the Court finds that the cost of the undertaking insofar as the plaintiff Bobby Hawkins was concerned was $10,000.00.
At the outset, we note that Hawkins indicated at oral argument that he did not wish to pursue on appeal his fraud claim. In any event, we agree with the trial court's finding that Hawkins failed to prove the essential element of reliance on the written contract to his detriment. We cannot find any actionable harm to Hawkins arising from the alleged fraud, since it is clear he ignored the written contract and performed under the oral contract instead.
*235 On this appeal, Hawkins primarily contends he was entitled to the additional items of cost under the oral contract which the trial court found controlling. We agree. We find that the trial court erred in applying a test of reasonableness to the items of cost claimed by Hawkins. Although this is the proper test under a theory of quantum meruit, see, e. g., Hendrix, Mohr & Yardley, Inc. v. City of Daphne, 359 So.2d 792 (Ala.1978), it does not apply to a recovery on the contract. Except where there is evidence of fraud or bad faith on the part of the contractor, "[A] builder suing for recovery under a cost plus fixed fee contract need not establish that the cost of his labor and material was reasonable...." 17A C.J.S. Contracts § 591, at 1149 (1963). See, e. g., C. F. Halstead Contractor, Inc. v. Dirt, Inc., 294 Ala. 644, 320 So.2d 657 (1975).
Here, Hawkins clearly established his costs by submitting to the trial court the individual tickets to League itemizing his costs in performing the contract. He was not required to go further and prove their reasonableness. League's argument that Hawkins merely sought recovery here on a theory of quantum meruit ignores Hawkins's amendment to his complaint adding a theory of oral contract. The effect of this amendment was realized in the trial court's judgment which was based solely on the contract theory.
Finding that Hawkins was entitled to the full $27,724.75 claimed for performance under an oral contract, we run afoul of Code 1975, §§ 34-8-1 to -10, which require "general contractors" to be licensed. It is undisputed that neither League nor Hawkins had such a license. Although the statutes themselves provide a misdemeanor penalty for noncompliance, this Court has gone further, holding express or implied contracts with nonlicensed "general contractors" to be null and void as a violation of public policy. Cooper v. Johnston, 283 Ala. 565, 219 So.2d 392 (1969). Such contracts are illegal and unenforceable by the unlicensed "general contractor." Tucker v. Walker, 293 Ala. 589, 308 So.2d 245 (1975). As reasoned in Cooper:
We are convinced from a review of the original and amendatory acts that it was the intention of the legislature that said acts be enacted for regulation and protection as distinguished from a law created solely for revenue purposes. The primary purpose was to protect the public against incompetent contractors for certain-type structures, and also to better assure properly constructed structures which were free from defects and dangers to the public.
283 Ala. at 567, 219 So.2d 392.
Hawkins makes several arguments claiming his recovery of the full $27,724.75 is not barred by the licensing statutes. Initially, he argues that the issue of licensing cannot be raised by League on this appeal, since League did not cross-appeal the trial court's ruling adverse to him on this issue, citing Mutual Savings Life Insurance Co. v. Montgomery, 347 So.2d 1327 (Ala.1977). Hawkins cites as the adverse ruling the trial court's finding that he was not prohibited from recovery by a failure to obtain a license, since the cost of the undertaking was only $10,000.00. The statute only requires licensing for undertakings of $20,000.00 or more. Code 1975, § 34-8-1. This finding was clearly based on the trial court's prior finding that Hawkins was only entitled to the $10,000.00 fixed fee under the oral contract. Thus, this finding is not really adverse to League within the perimeter defined on this appeal. We have already determined that Hawkins was entitled to the full $27,724.75 on the contract, thus vitiating the trial court's ruling on licensing requirements, and, in effect, reopening the issue on this appeal.
The amount recoverable on the contract and the applicability of the licensing statutes are interwoven issues. Cases involving the cross-appeal rule cited by Hawkins generally involve the failure to cross-appeal issues separate and distinct from those raised by the appellant. See Mutual Savings Life Insurance Co. v. Montgomery, 347 So.2d 1327 (Ala.1977); Hodges v. Nelson, 370 So.2d 1020 (Ala.Civ.App.1979); Boswell *236 v. Samson Banking Co., 368 So.2d 547 (Ala. Civ.App.1978), cert. denied, 368 So.2d 552 (Ala.1979); Headley v. Housing Authority of Prattville, 347 So.2d 532 (Ala.Civ.App. 1977). We cannot find that Hawkins is now entitled to the full $27,724.75 and then ignore the clear public policy against enforcement of contracts of that amount in favor of the unlicensed "general contractor."
Addressing the substance of the licensing issue, Hawkins argues he is not required to have a license, since he does not come within the definition of a "general contractor" provided in Code 1975, § 34-8-1, viz.:
For the purpose of this chapter, a "general contractor" is defined to be one who, for a fixed price, commission, fee or wage, undertakes to construct or superintend the construction of any building, highway, sewer, grading or any improvement or structure where the cost of the undertaking is $20,000.00 or more, and anyone who shall engage in the construction or superintending the construction of any structure or any undertaking or improvements above mentioned in the state of Alabama, costing $20,000.00 or more, shall be deemed and held to have engaged in the business of general contracting in the State of Alabama.
We cannot agree. The oral contract in this case does satisfy the elements of the statutory definition. The contract with League is for a fixed fee, i. e., $10,000.00. The grading work performed by Hawkins is specifically covered by the statute. As we have determined here, Hawkins was entitled to receive for his work $27,724.75, clearly an undertaking costing $20,000.00 or more. Construing this statute, this Court has observed, "When the word `cost' in the definition above is construed in context, we believe it refers to the amount which the contractor is to receive for his work and not merely the out-of-pocket expenses incurred by the contractor in performing the work." Tucker v. Walker, 293 Ala. 589, 592, 308 So.2d 245 (1975) (emphasis added).
Hawkins cites Messina v. Koch Industries, Inc., 267 So.2d 221 (La.App.1972), aff'd, 283 So.2d 204 (La.1973), for the proposition that the fixed fee itself must amount to $20,000.00 or more. This construction is not indicated by the language of our statute. Furthermore, the Louisiana statute, although similar in some respects, contains additional explicit language that the fixed fee, as well as the cost of the undertaking, must equal or exceed the statutory amount. Such language is noticeably absent from our statute. Fulton v. Rice, 12 N.C.App. 669, 184 S.E.2d 421 (1971), cited by Hawkins, is factually inapposite. There, the North Carolina court rejected a claim that the "cost of the undertaking" for a particular contractor included that incurred by the owner for the entire project.
Alternatively, Hawkins argues he is exempt from the licensing statutes under Code 1975, § 34-8-7, viz.:
The following shall be exempted from the provisions of this chapter: the practice of general contracting, as defined in section 34-8-1, by an authorized representative or representatives of the United States government, state of Alabama, incorporated town, city or county in this state, provided that such operation shall be under the supervision of a licensed architect or engineer; the construction of any residence or private dwelling; a subcontractor performing work under a properly licensed general contractor and a person, firm or corporation constructing a building or other improvements on his or its own property. [Emphasis added.]
(We find that none of these exemptions apply here. As noted above, League is not a licensed general contractor under which Hawkins may legally subcontract. Furthermore, the owner of the property here, League, did not perform the work himself, but hired a contractor, Hawkins, to do it.
Hawkins argues that, since League is the owner who would need no license and Hawkins is subcontracted to League, both these exemptions can somehow be blended together to spare Hawkins the licensing requirement. We cannot agree that this twisted construction "seems to be the intent of the statute" as claimed by Hawkins.
*237 The California cases cited by Hawkins for this unique proposition involve unique circumstances not presented here. The language of our statute is clear. In the past, this Court has applied the licensing requirement to contractors hired by owners, recognizing no exemptions. See Cochran v. Ozark Country Club, Inc., 339 So.2d 1023 (Ala.1976); Cooper v. Johnston, 283 Ala. 565, 219 So.2d 392 (1969).
Finding that Hawkins was entitled to receive $27,724.75 for the performance of his oral contract with League and that Hawkins did not have a general contractor's license, in clear violation of our laws, we are bound by the declared public policy of this state to declare the contract null, void and unenforceable.
REVERSED AND RENDERED.
FAULKNER, JONES, ALMON and EMBRY, JJ., concur.

On Application for Rehearing
ADAMS, Justice.
Able counsel for the appellant points out in his application for rehearing that he did not indicate at oral argument that he was not pursuing an appeal on his fraud claim. The court has carefully listened to the tapes of the oral argument and a fair statement of what the appellant said at oral argument is that he did not wish to pursue his appeal on the fraud claim if he could prevail on the contract claim. Our opinion is corrected to indicate the true position of the appellant. The correction does not change the result. In the second sentence after the statement that appellant "... did not wish to pursue on appeal his fraud claim," we said: "We cannot find any actionable harm to Hawkins arising from the alleged fraud, since it is clear he ignored the written contract and performed under the oral contract instead." We are still of this opinion.
The arguments advanced by counsel in his application for rehearing urge us to carefully review the entire record in this case, because of the harsh result mandated by the Court's analysis of Alabama law. We have done as the appellant requests. The court was troubled with this decision from the very beginninga non-appealing party winning where the undisputed evidence was that the contractor had substantially performed the contract worth at least $27,000.00. Nevertheless, the statute that we are dealing with is a penal one, and harsh results sometimes flow from the construction of a penal statute.
We cannot accept appellant's argument that this contract is severable. The cost provision and the fixed fee provision are parts of one contract. Tucker v. Walker, 293 Ala. 589, 592, 308 So.2d 245 (1975). Nor do we believe that Messina v. Koch Industries, Inc., 267 So.2d 221 (La.App. 1972), aff'd. 283 So.2d 204 (La.1973), excepting services payable on a day to day basis from the contracting statute, provides any relief to appellant. That case categorically said that it was not addressing the fixed fee plus cost type contract. Upon careful consideration we find appellant's other arguments to be without merit.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
FAULKNER, JONES, ALMON and EMBRY, JJ., concur.