KENNETH SPEARS v. LUCIOUS WALKER AND GRACE WALKER

No. 8326SC1036

(Filed 4 June 1985)

**Contracts § 6.1— construction of residence—unlicensed general contractor—summary judgment for defendant proper**

Summary judgment for defendants was proper in an action by a builder alleging breach of a construction contract by defendant homeowners. The trial court correctly classified plaintiff as an unlicensed general contractor who could not enforce a contract or recover for his services because plaintiff retained control over the purchase of materials through his own bank account and accounts with suppliers, the total estimated cost in excess of $63,000 was an estimate given by plaintiff, plaintiff retained supervisory control over much of the work of the subcontractors, and the amount well exceeded the threshold amount of $30,000. G.S. 87-1.

APPEAL by plaintiff from *Gaines, Judge*. Judgment entered 26 April 1983 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 14 May 1985.

This is a civil action filed by a builder alleging breach of a construction contract by property owners. The plaintiff, a self-employed home builder, seeks to recover from the defendants, Lucious and Grace Walker, the sum of $11,391.70. This sum is alleged to be due under an oral contract entered into in August 1979 for construction of the defendants' personal residence. Under the contract plaintiff would perform certain construction, assist in the procurement of subcontractors, supervise the work of such subcontractors, and purchase materials and supplies through his accounts with material suppliers. The plaintiff estimated the total cost of construction would be $63,971.56.

The defendants answered and filed a counterclaim alleging breach of contract by plaintiff Spears. In a subsequent motion for summary judgment, the defendants asserted that the plaintiff, albeit unlicensed as a general contractor, met the statutory definition of general contractor set forth in G.S. § 87-1, and as an unlicensed general contractor, was barred from recovery as a matter of law.

In support of the motion for summary judgment, defendants offered evidence tending to show the following. The plaintiff was not licensed as a general contractor. He gave a written estimate for construction of the dwelling for $63,971.56 excluding the cost of interior trim. On the basis of this estimate the defendants procured a loan from a mortgage lender. The defendants agreed to place funds in the plaintiff's bank account to enable the plaintiff to purchase materials through his accounts with materials suppliers. The plaintiff procured and supervised a woodworker, carpenter, two brickmasons, two sheetrockers, a roofer, a cabinetmaker, and a septic tank installer. Plaintiff's supervision included work that defendant Lucious Walker performed which was credited to defendants' account at $3.10 per hour.

In opposition to the motion for summary judgment plaintiff introduced the following evidence. On his application for a building permit, defendant Lucious Walker listed himself as contractor. Plaintiff's estimate of $63,971.56 was based on a take-off from plans as presented by defendants. Defendants orally agreed to pay plaintiff $16,785.57 for his services and supervision; $10,443.10 for woodworking, saw box, supervision of excavation and masonry; and $6,342.47 (10% of the mortgage loan) for additional supervision. On the basis of these facts, the trial court entered an order for summary judgment for the defendants.

From that order, the plaintiff appeals.

*Harkey, Coira, Fletcher and Lambeth, by Charles F. Coira, Jr., for plaintiff appellant.*

*Ray and Brooks, by Joyce M. Brooks, for defendant appellees.*

ARNOLD, Judge.

The issue before this Court is whether, from the evidence presented, the trial court correctly granted summary judgment classifying the plaintiff as a general contractor and thus barring his action for breach of contract to construct a portion of the defendants' house. We hold that it did.

"Rule 56, Rules of Civil Procedure, authorizes the rendition of summary judgment upon a showing by the movant that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Vassey v. Burch*, 301 N.C. 68, 72, 269 S.E. 2d 137, 140 (1980).

At the time the parties entered into the contract, G.S. § 87-1 provided in pertinent part:

[A] "general contractor" is defined as one who for a fixed price, commission, fee or wage, undertakes to . . . construct any building . . . where the cost for the undertaking is $30,000 or more. . . .

"The courts of this State have held that an unlicensed person who, in disregard of § 87-1, contracts with another to construct a building for the cost of $30,000.00 or more, may not affirmatively enforce the contract or recover for his services and materials supplied under theory of *quantum meruit* or unjust enrichment" (citations omitted). *Roberts v. Heffner*, 51 N.C. App. 646, 651, 277 S.E. 2d 446, 450 (1981). In interpreting § 87-1 and ascertaining the extent to which an undertaking and its cost should be attributed to a particular contractor, the courts in North Carolina have focused on the control exercised by the contractor over the project. As this Court stated in *Helms v. Dawkins*, 32 N.C. App. 453, 456, 232 S.E. 2d 710, 712 (1977), *overruled on other grounds, Sample v. Morgan*, 311 N.C. 717, 319 S.E. 2d 607 (1984):

While several factors must be taken into consideration in determining whether a party is a general contractor within the meaning of the contractors' licensing statutes, the principal characteristic distinguishing a general contractor from a subcontractor or other party contracting with the owner, . . . is the degree of control to be exercised by the contractor over the construction of the entire project. Ordinarily the degree of control a contractor has over the construction of a

particular project is to be determined from the terms of the contract.

In the instant case, the parties failed to memorialize their agreement. From the evidence presented at trial as to the parties' conduct, it is clear that the plaintiff, although not licensed as a general contractor, met the threshold criteria of G.S. § 87-1 and that he exercised a substantial degree of control by his supervision of construction, his purchase of materials and his selection of material suppliers.

The purpose of chapter 87 of N.C.G.S. is to deter unlicensed persons from engaging in the construction business. *Bryan Builders Supply v. Midgette*, 274 N.C. 264, 270, 162 S.E. 2d 507, 510, 511 (1968). A person is a general contractor if the cost of the undertaking exceeds the statutory limit. The plaintiff asserts that the cost of the undertaking was limited to the amount of $16,785.57, the amount agreed upon for plaintiff's supervision and services. Plaintiff submits that the case of *Fulton v. Rice*, 12 N.C. App. 669, 184 S.E. 2d 421 (1971), is determinative as to the meaning of cost of the undertaking. In that case this Court defined undertaking as a promise or engagement. "The cost of the undertaking is therefore the cost of the promise or engagement." *Fulton*, 12 N.C. App. at 672, 184 S.E. 2d at 423. The Court reasoned that where the costs of the building and the contract are not the same, and the contractor has no control over the purchase of materials or other expenses which the owner might incur, allowing the owner's total cost of the building to be determinative would leave the contractor at the mercy of the owner. *Id. Fulton* is distinguishable from the instant case in that the plaintiff did retain control over the purchase of materials through his own bank account and accounts with the suppliers. The total estimated cost in excess of $63,000 was an estimate given by the plaintiff. The facts indicate that the plaintiff retained supervisory control over much of the work of the subcontractors and over purchases passing through his accounts. The purchases of materials alone totalled over $29,000. This figure together with the amount of $16,785.57 for the plaintiff's services and supervision well exceeds the threshold amount of $30,000 established by G.S. § 87-1.

Given the uncontroverted evidence of the plaintiff's continuing control over amounts exceeding $30,000, the trial judge's grant of summary judgment was proper and is affirmed.

Affirmed.

Judges MARTIN and PARKER concur.