Martin Martin ("Martin"), a Mississippi law firm, filed an action against Evelyn Dean Jones, Lawanda Ann Jones Blakeney, Henry Jones, Jr., and Williams Jones, seeking to recover damages for breach of contract, for work done for the defendants, and under the theory of unjust enrichment.
In December 1980, the defendants entered into contracts to employ Martin to represent them. Martin performed legal services for the defendants, for which, Martin alleges, the defendants have not compensated the law firm. Because of the disagreement over compensation, Martin filed this action. Neither of the Martins was licensed to practice law in Alabama at the time the events occurred that are the basis for this lawsuit. The trial court entered summary judgment for all defendants on all of the plaintiff's claims.
The Court faced a similar factual situation in McRae v.Sawyer, 473 So.2d 1006 (Ala. 1985). In McRae, a Mississippi lawyer, not licensed to practice in Alabama, filed an action seeking an attorney's fee lien. The Court stated that the issue in the case was "whether an attorney who is not licensed to practice law in Alabama is estopped from pursuing a claim for recovery of compensation on a contract with a client." McRae at 1008. In a strongly worded, unequivocal opinion the Court stated: "[A]n unlicensed attorney should be estopped from enforcing a contract to provide legal services." The Court reasoned that the attorney licensing statute was intended to be a regulation of the practice of law; Ala. Code 1975, § 34-3-1, for example, makes it a misdemeanor to practice law without a license. The Court noted that in regard to other licensed occupations, unlicensed plaintiffs had been estopped from asserting a breach of contract claim. The Court concluded: "[A] lawyer unlicensed in Alabama cannot enforce a contract to provide legal services in this state." McRae at 1009. The holding in McRae, thus, is clear, and the trial court in the present case did not err in entering summary judgment for the defendants. We note that it is appropriate to disallow recovery for unjust enrichment in this particular situation, because disallowing a contract action while allowing recovery in order to prevent unjust enrichment would contravene the policy announced in McRae. See Hawkins v. League, 398 So.2d 232 (Ala. 1981) (no recovery for unlicensed contractor on unjust enrichment theory). *Page 2 
The judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.