Rel: January 12, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2023-2024

_____

### SC-2023-0397
_____

## Construction Services, LLC, d/b/a MCA Construction, Inc.

## v.

## RAM-Robertsdale Subdivision Partners, LLC, Retail Specialists, LLC, and Rodney Barstein

### Appeal from Baldwin Circuit Court
### (CV-22-900285)

MITCHELL, Justice.

RAM-Robertsdale Subdivision Partners, LLC, hired Construction Services LLC, d/b/a MCA Construction, Inc. ("MCA"), to build the

infrastructure for a proposed housing subdivision in Robertsdale. After the relationship between the two soured, RAM-Robertsdale sued MCA in the Baldwin Circuit Court. MCA countersued and also asserted third-party claims against one of RAM-Robertsdale's members, Retail Specialists, LLC, and Rodney Barstein, a corporate officer for Retail Specialists and RAM-Robertsdale.[1] RAM-Robertsdale, Retail Specialists, and Barstein ("the RAM defendants") filed a motion for summary judgment on MCA's counterclaims and third-party claims, and the circuit court granted that motion and later certified its summary judgment as final under Rule 54(b), Ala. R. Civ. P. Because the circuit court exceeded its discretion in certifying its judgment as final, we set aside the Rule 54(b) certification and dismiss the appeal.

Facts and Procedural History

In February 2021, MCA entered into an approximately $1 million contract with RAM-Robertsdale to work on, among other things, grading,

---

[1]MCA styled all of its claims as "counterclaims" and referred to those parties it brought claims against as "counterclaim defendants." The circuit court and the other parties followed this nomenclature, even though Retail Specialists and Barstein were "not [parties] to the action" before MCA filed its answer and counterclaim. Retail Specialists and Barstein are therefore properly viewed as third-party defendants. See Rule 14, Ala. R. Civ. P.

roads, and utilities for a new housing subdivision in Robertsdale. Over the next several months, the parties' relationship broke down and MCA eventually ceased work on the project.

RAM-Robertsdale sued MCA for breach of statutory duty, breach of contract, indemnity, negligence, and negligent misrepresentation, and to quiet title, alleging that MCA had done subpar work and had not paid its subcontractors or suppliers. MCA answered and asserted counterclaims against RAM-Robertsdale. MCA also brought third-party claims against Retail Specialists and Barstein for breach of contract, fraud, unjust enrichment, and the enforcement of MCA's lien on the subdivision property and a third-party defamation claim against Barstein alone. MCA alleged that RAM-Robertsdale had failed to pay for MCA's work and that Retail Specialists should be liable as well because it allegedly dominated and controlled RAM-Robertsdale. MCA further alleged that Barstein controlled RAM-Robertsdale's conduct at the time and should be held responsible for its failure to pay.

The RAM defendants moved for summary judgment on all of MCA's claims, arguing that the contract between RAM-Robertsdale and MCA was void for public policy because, the RAM defendants said, MCA was

not properly licensed when it signed the contract. See, e.g., Hawkins v. League, 398 So. 2d 232, 235 (Ala. 1981) (noting that "express or implied contracts" with improperly licensed contractors are void for public policy). The RAM defendants acknowledged that MCA had a valid general contractor's license under § 34-8-1 et seq., Ala. Code 1975, but they said that the license contained the incorrect classification. In particular, MCA had only a "building construction" classification on its license even though it needed a "municipal and utility" classification to do the contracted-for work. See r. 230-X-1-.27(2), (5), Ala. Admin. Code (State Licensing Bd. for Gen. Contractors). MCA opposed the RAM defendants' motion, arguing that it held the proper license at the time the contract was formed and that, if it did not, it corrected any licensure problems before they became relevant. MCA also argued that RAM-Robertsdale knew of any defects in MCA's licensure at the time the contract was formed.

The circuit court granted the RAM defendants' motion and entered summary judgment in their favor on all of MCA's claims.[2] As a result,

---

[2]While the summary-judgment order did not detail the circuit court's reasoning, the circuit court's Rule 54(b) certification stated that the summary judgment disposed of all of MCA's counterclaims based

4

only RAM-Robertsdale's claims remained pending in the circuit court. With the consent of the parties, the circuit court then certified its summary judgment as final under Rule 54(b). MCA appealed.

## Standard of Review

When reviewing a Rule 54(b) certification, we must determine if the circuit court exceeded its discretion. See Alabama Ins. Underwriting Ass'n v. Skinner, 352 So. 3d 688, 690 (Ala. 2021).

## Analysis

Before we can address the merits of this appeal, we must establish that we have jurisdiction to do so. Because "[a] nonfinal judgment will not support an appeal," we must decide whether the circuit court's Rule 54(b) order certifying as final its summary judgment on MCA's claims was proper. Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So. 2d 354, 363 (Ala. 2004). This Court will "scrutinize the propriety of Rule 54(b) certifications" even though neither party has raised that issue on appeal,

---

solely on a legal determination that MCA could not bring counterclaims against the RAM defendants. That certification also stated that "MCA is not entitled to recover on any of the asserted claims." As noted in footnote 1, the circuit court referred to MCA's third-party claims as counterclaims, so the summary judgment disposed of all of MCA's claims, including those against Retail Specialists and Barstein.

because it is a "'fundamental issue.'" <u>Alabama Ins. Underwriting Ass'n</u>, 352 So. 3d at 690 (quoting <u>Summerlin v. Summerlin</u>, 962 So. 2d 170, 172 (Ala. 2007)). In short, we have a duty to guard the jurisdiction of this Court no matter what the parties may think.

Rule 54(b) states that, when there are multiple claims in a suit, "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Rule 54(b) certifications should be cabined to exceptional cases because of "this Court's stated policy disfavoring appellate review in a piecemeal fashion." <u>Smith v. Slack Alost Dev. Servs. of Alabama, LLC</u>, 32 So. 3d 556, 562-63 (Ala. 2009).

Rule 54(b) certification is improper when the claims pending below and those on appeal "are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results." <u>Branch v. SouthTrust Bank of Dothan, N.A.</u>, 514 So. 2d 1373, 1374 (Ala. 1987). We have explained that claims are "intertwined" when "[t]he factual underpinnings of the adjudicated claims are the same as those of

the unadjudicated [claims] of [the other party]." Fuller v. Birmingham-Jefferson Cnty. Transit Auth., 147 So. 3d 907, 913 (Ala. 2013).

Here, all the claims arise from the same transaction -- the contract between RAM-Robertsdale and MCA to build subdivision infrastructure and the parties' performance under that contract. The RAM defendants argued in their summary-judgment motion that MCA was not properly licensed and could not recover on the contract because, they said, that contract violated public policy. The circuit court agreed. But if the contract is void for public policy, then neither party would be able to enforce it -- void means void for all parties involved. See White-Spunner Constr., Inc. v. Construction Completion Co., LLC, 103 So. 3d 781, 787 (Ala. 2012) (noting that it is a "well settled principle of law that '"a party to an illegal contract cannot come into a court of law and ask to have his illegal objects carried out ...."'" (citations omitted)); Dream, Inc. v. Samuels, [Ms. SC-2022-0808, June 23, 2023] ___ So. 3d ___, ___ (Ala. 2023) ("Alabama courts … will not enforce a void or illegal contract."). And while this Court has held that an exception to the void-for-public-policy rule may exist if one of the parties was induced by fraud to execute a contract, see Youngblood v. Bailey, 459 So. 2d 855, 860 (Ala. 1984),

MCA has argued that RAM-Robertsdale knew that MCA did not have a "municipal and utility" classification at the time the contract was formed. If that is true, RAM-Robertsdale could have unclean hands in the transaction, which may limit RAM-Robertsdale's recovery on the claims still pending below. See § 34-8-6(a), Ala. Code 1975 (proscribing both general contracting without a proper license and considering bids "from anyone not properly licensed").

The upshot here is that the claims pending below and those on appeal have significant "factual overlap." Clarke-Mobile Cntys. Gas Dist. v. Prior Energy Corp., 834 So. 2d 88, 95 (Ala. 2002). The questions before us -- whether MCA was properly licensed and whether it can enforce the contract -- bear on RAM-Robertsdale's claims pending below. And deciding those issues now would create an intolerable risk of inconsistent results. For that reason, the circuit court exceeded its discretion by certifying its summary judgment on MCA's claims against the RAM defendants as final. Accordingly, we do not have jurisdiction to resolve the merits of this appeal.

Conclusion

Because the circuit court's summary judgment was improperly certified as final, we dismiss this appeal for lack of jurisdiction.

APPEAL DISMISSED.

Parker, C.J., and Shaw, Wise, Bryan, Stewart, and Cook, JJ., concur.

Sellers and Mendheim, JJ., concur in the result.