308 So.2d 245

**John H. TUCKER**

v.

**Cecil WALKER and Ralph Walker, etc.**

**SC 1015.**

Supreme Court of Alabama.

Feb. 13, 1975.

Finis E. St. John, III, Cullman, for appellees.

Dieter J. Schrader, Huntsville, for appellant.

BLOODWORTH, Justice.

On this appeal by plaintiff Tucker from a summary judgment for defendants Walker, we reverse and remand.

Tucker's complaint seeks $100,000 damages for the alleged breach by the Walkers of a contract whereby Tucker was to install kitchen equipment, landscape, and construct parking facilities at the Trussville Convalescent Home.[1] To the complaint the Walkers interposed the affirmative defense of illegal contract, alleging that the contract sued on was for construction work "costing" more than $20,000 and that Tucker was not, at the time of the making of the contract, licensed in the State of Alabama as a general contractor as required by Tit. 46, §§ 65–82, Code of Alabama 1940 (Recompiled 1958).

It appears from the pleadings that on September 30, 1968, Tucker and the Walkers executed a written contract by which they agreed: "that the sum to construct . . . Trussville Convalescent Nursing Home will be $190,000"; that the "Home" was to be constructed in accordance with a contract executed that same day between the Walkers and Trussville Convalescent Home, Inc. except that Tucker would install kitchen equipment, landscape, and construct parking facilities. The agreement between Tucker and the Walkers does not state the consideration to be received by Tucker, nor does it appear to be the entire agreement between the parties. The contract between the Walkers and Trussville Convalescent Home, Inc. calls for $290,000 to be paid to the Walkers upon completion of the nursing home.

The difference between the $290,000 recited in the Walkers' contract with Trussville Convalescent Home, Inc. and the $190,000 recited in Tucker's agreement with the Walkers is, according to Tucker, the consideration which the Walkers orally agreed Tucker was to receive for furnishing kitchen equipment, landscaping, constructing parking facilities, and securing financing.

The Walkers moved for summary judgment pursuant to Rule 56, Alabama Rules of Civil Procedure, accompanying their motion with an affidavit by Cecil D. Walker in which he states that the suit which Tucker filed claimed $100,000, based on a claim for work done or to be done by plaintiff on the construction of the Convalescent Home and that neither plaintiff nor defendants were licensed contractors. Tucker opposed the motion with his own affidavit, the affidavit of his attorney, the Walkers' answers to interrogatories, and portions of the deposition of Cecil D. Walker.

Tucker states in his affidavit that the "cost" to him of the "construction" work was less than $20,000. The Walkers' answers to interrogatories and portions of Cecil Walker's deposition offered by Tucker permit the inference that, in addition to the other work Tucker was to perform, he was also to procure permanent mortgage financing for the completed nursing home as part of the consideration for the $100,000 he was to receive from the Walkers.

After considering the pleadings and matters outside the pleadings offered in support of, and in opposition to, the motion for summary judgment, the trial judge concluded that there was no genuine issue as to any material fact and that the Walkers were entitled to judgment as a matter of law. We cannot agree with this conclusion.

The defendants' motion for summary judgment is based on our case of Cooper v.

---

1. See Tucker v. Trussville Convalescent Home, Inc., 289 Ala. 366, 267 So.2d 438 (1972), wherein this Court affirmed the Circuit Court of Jefferson County's dismissal *without* prejudice of Tucker's action to foreclose a mechanic's lien on the property.

Johnston, 283 Ala. 565, 219 So.2d 392 (1969), in which this Court held that a contract for the construction of a building "costing" more than $20,000, between a landowner and a "contractor," not licensed pursuant to Tit. 46, §§ 65–82, Code of Alabama 1940 (Recompiled 1958), is contrary to public policy and unenforceable by the unlicensed contractor.

■ This Court's holding in *Cooper* is based on the well-established rule that if the purpose of a licensing statute is the regulation of the business licensed and not merely the collection of revenue, a person not licensed cannot enforce a contract for services rendered within the scope of the regulated business. See Knight v. Watson, 221 Ala. 69, 127 So. 841 (1930) ; Southern Metal Treating Co., Inc. v. Goodner, 271 Ala. 510, 125 So.2d 268 (1960).

The licensing statute in question requires "general contractors" to be licensed. The crucial provision is Tit. 46, § 65, Code of Alabama 1940 (Recompiled 1958), which defines "general contractor":

> " § *65. Definitions.*—For the purpose of this chapter a 'general contractor' is defined to be one who, for a fixed price, commission, fee or wage, undertakes to construct or superintend the construction of any building, highway, sewer, grading, or any improvement or structure where the *cost* of the undertaking is *twenty thousand dollars or more,* and any one who shall engage in the construction or superintending the construction of any structure or any undertaking or improvements above mentioned, in the state of Alabama, *costing twenty thousand dollars or more,* shall be deemed and held to have engaged in the business of general contracting in the state of Alabama. (1935, p. 721; 1959, p. 1429, appvd. Nov. 19, 1959.)" (Emphasis supplied.)

In order for the Walkers to be entitled to summary judgment, it must be shown (1) that Tucker was unlicensed; (2) that the contracted work was of the type covered by the statute; and, (3) that the "cost" of the work was $20,000 or more.

It is undisputed that Tucker was unlicensed. It is undisputed that the installation of kitchen equipment, landscaping, and construction of parking facilities are covered by the statute. The question is whether or not these undertakings and improvements cost "twenty thousand dollars or more." (It is conceded by Tucker, in brief, that if they did, judgment should be rendered against him provided the parties were not joint venturers.)

■ When the word "cost" in the definition above is construed in context, we believe it refers to the amount which the contractor is to receive for his work and not merely the out-of-pocket expenses incurred by the contractor in performing the work.

■ Thus, stated in the simplest terms, the dispositive question on this appeal is whether there is a genuine issue of fact as to whether the sole undertaking of Tucker was the performance of the above-enumerated "construction" work for a consideration of $20,000 or more. On the state of the record before us, we hold that there is such a genuine issue of fact.

From our consideration of those matters offered in support of, and in opposition to, the motion for summary judgment it appears that the contract between the parties was partially written and partially oral and that there is a genuine issue of material fact as to whether part of the consideration for the defendants' oral promise to pay $100,000 to Tucker was for procuring permanent financing and other services not within the ambit of the general contractors' statutes and whether he was to receive less than $20,000 for his "construction" work. There being such a genuine issue of material fact, the Walkers were

not entitled to judgment as a matter of law. Hence, we reverse and remand.

Reversed and remanded.

FAULKNER, JONES, ALMON and EMBRY, JJ., concur.