This case involves the application of Code of Ala., Tit. 46, § 65, which regulates those engaged in the business of general contracting, specifically the construction of structures costing $20,000 or more.
Plaintiff, Cochran, and defendant, Ozark Country Club, entered into a contract whereby Cochran was to build a swimming pool for Ozark and to be paid $36,939.72 plus 15% of that sum. Cochran realized he was in derogation of § 65 and agreed with Ozark to divide the original contract into two separate contracts of less than $20,000 each. The pool was built, he was paid over $35,000, and now sues for $28,191.91 for labor and materials furnished. Ozark sets up as a defense the illegality of the contract and counterclaims for damages.
The trial court granted Ozark's motion for summary judgment and made certain findings: (1) the plaintiff was not a licensed contractor; (2) the type of work involved in the contract was that type of work covered by the statute; (3) the cost of the work was more than $20,000.
We affirm the judgment of the trial court.
That Cochran was not licensed and that the work was the type covered by the statute is undisputed. Cochran maintains there is a genuine issue of material fact as to whether the cost of the work was over $20,000 when two separate contracts relating to a single construction project call for amounts less than this. We are of the opinion that the word "cost" in § 65 refers to the aggregate amount which the contractor is to receive for his work. Here, Mr. Cochran was to receive a total of at least $36,939.72. We agree with the trial court that the law cannot be circumvented in the manner attempted by the parties in this cause.
Plaintiff further contends that defendants are estopped from asserting the illegality of the contract because they are guilty themselves of inequitable conduct. The contention is not well founded. Plaintiff cannot, by way of estoppel, endow with validity a transaction which is illegal and against public policy. For the law applicable to this case, see Tucker v.Walker, *Page 1025 293 Ala. 589, 308 So.2d 245 (1975), and Cooper v. Johnston,283 Ala. 565, 219 So.2d 392 (1969).
AFFIRMED.
HEFLIN, C.J., and BLOODWORTH, JONES and ALMON, JJ., concur.