Able counsel for the appellant points out in his application for rehearing that he did not indicate at oral argument that he was not pursuing an appeal on his fraud claim. The court has carefully listened to the tapes of the oral argument and a fair statement of what the appellant said at oral argument is that he did not wish to pursue his appeal on the fraud claim if he could prevail on the contract claim. Our opinion is corrected to indicate the true position of the appellant. The correction does not change the result. In the second sentence after the statement that appellant ". . . did not wish to pursue on appeal his fraud claim," we said: "We cannot find any actionable harm to Hawkins arising from the alleged fraud, since it is clear he ignored the written contract and performed under the oral contract instead." We are still of this opinion.
The arguments advanced by counsel in his application for rehearing urge us to carefully review the entire record in this case, because of the harsh result mandated by the Court's analysis of Alabama law. We have done as the appellant requests. The court was troubled with this decision from the very beginning — a non-appealing party winning where the undisputed evidence was that the contractor had substantially performed the contract worth at least $27,000.00. Nevertheless, the statute that we are dealing with is a penal one, and harsh results sometimes flow from the construction of a penal statute.
We cannot accept appellant's argument that this contract is severable. The cost provision and the fixed fee provision are parts of one contract. Tucker v. Walker, 293 Ala. 589, 592,308 So.2d 245 (1975). Nor do we believe that Messina v. KochIndustries, Inc., 267 So.2d 221 (La.App. 1972), aff'd.283 So.2d 204 (La. 1973), excepting services payable on a day to day basis from the contracting statute, provides any relief to appellant. That case categorically said that it was not addressing the fixed fee plus cost type contract. Upon careful consideration we find appellant's other arguments to be without merit.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
FAULKNER, JONES, ALMON and EMBRY, JJ., concur.