This is an appeal by plaintiff Architectural Graphics and Construction Services, Inc., a corporation, from a summary judgment in favor of defendants Robert E. Pitman and Wallace R. Belcher. We affirm.
On August 21, 1978, Robert E. Pitman accepted a proposed contract from Eric Merkt, proprietor of Architectural Graphics and Construction Services, for the construction of a veterinary clinic in Athens, Alabama. The building was to be constructed by Merkt's company at an estimated cost of $111,000.00 on property owned by Pitman. Upon execution of the contract and prior to the beginning of construction, Pitman obtained a loan secured by a real estate mortgage in the amount of $116,000.00 to purchase the land and pay Merkt for construction of the building.
Subsequent to the execution of the contract and prior to the completion of the building, Pitman took in a partner, Wallace R. Belcher, and Merkt incorporated his construction company, now Architectural Graphics and Construction Services, Inc. (AGCS).
Upon completion of the building, Pitman and Belcher moved into the building and were informed by AGCS that an additional amount was owed on the cost of the building. At that point, Pitman and Belcher told AGCS that several areas of the building were either defective or had not been built according to the plans and specifications. With the understanding that the requested repairs would be made, Pitman and Belcher executed a promissory note and real estate mortgage to AGCS, dated October 15, 1979, in the amount of $18,736.97. Pitman and Belcher, claiming AGCS then failed to make any repairs, refused to pay the note.
AGCS filed suit on the promissory note against Pitman and Belcher, demanding judgment in the amount of $18,736.97, plus interest and attorney's fees. Defendants filed an answer and counterclaim in which they denied owing any money to AGCS and claimed damages for breach of contract, breach of warranties, and fraud.
Pitman and Belcher filed a motion for summary judgment, asserting that AGCS was operating without a license at the time the contract and note were executed, in violation of Ala. Code 1975, § 34-8-1, et seq. The contract entered into by the parties was, therefore, void and the note and mortgage given as partial payment were unenforceable. Neither Eric Merkt, individually, nor AGCS, as a corporation, was licensed to do business as a general contractor by the Alabama State Contractors Licensing Board until January 30, 1980, some three months after the note was executed.
The trial court granted defendants' motion for summary judgment and dismissed their counterclaim along with the original *Page 576 
complaint. AGCS filed a motion to set aside the summary judgment, alleging that the original contract was entered into by Eric Merkt, d/b/a Architectural Graphics and Construction Services, while the suit was filed in the name of the corporation. This motion was denied,[1] and plaintiff's appeal followed. We affirm.
The single issue raised is whether the note and mortgage given by Pitman and Belcher to AGCS as partial payment of the contract are valid.
Appellant admits that it did not have an Alabama general contractor's license at the time of the contract, and concedes that its contract with appellees is unenforceable, but argues that this does not prevent recovery on the note.
A "general contractor" is defined in Ala. Code 1975, § 34-8-1, to be "one, who, for a fixed price, commission, fee or wage, undertakes to construct or superintend the construction of any building, highway, sewer, grading or any improvement or structure where the cost of the undertaking is $20,000.00 or more." Section 34-8-2 requires any person desiring to do business as a general contractor to obtain a license from the Alabama State Contractors Licensing Board. Section 34-8-6
prohibits any person, firm, or corporation not duly authorized from engaging in the business of general contracting in this state; violation is subject to punishment as a misdemeanor. It is undisputed that both Merkt and AGCS fell within the definition of a "general contractor," and that the contract exceeded $20,000.00.
This Court has held that § 34-8-1, et seq., Ala. Code 1975, is not a law enacted solely for revenue purposes, but rather is regulatory legislation designed to protect the public against incompetent contractors and to assure properly built structures which are free from defects and dangers to the public. Cooperv. Johnston, 283 Ala. 565, 219 So.2d 392 (1969). In furtherance of that policy, this Court has also held that a contract by an unlicensed "general contractor," as defined in § 34-8-1, is null and void as a violation of that public policy. Such contracts are illegal and unenforceable by the unlicensed general contractor. Hawkins v. League, 398 So.2d 232 (Ala. 1981); Tucker v. Walker, 293 Ala. 589, 308 So.2d 245 (1975).
This rule has been applied to deny recovery where the action was based on the contract itself, Cooper, supra, Tucker, supra, for work, labor, and materials furnished, Cochran v. OzarkCountry Club, Inc., 339 So.2d 1023 (Ala. 1976), and in an action to establish a mechanic's lien, Tucker v. TrussvilleConvalescent Home, Inc., 289 Ala. 366, 267 So.2d 438 (1972). AGCS acknowledges that, had its action been based on any of the foregoing theories, summary judgment would have been proper. However, it argues that these cases should not bar recovery here because this is a suit on the note as opposed to a claim based on the contract. As between the original parties to the note, this is a distinction without a difference. If a suit to enforce the contract is foreclosed to an unlicensed contractor, so must be a suit by the same unlicensed contractor to collect on a note secured by a mortgage given in consideration of that contract. See, § 7-3-306, Ala. Code 1975.
In brief, AGCS argues under the facts in this case that Pitman and Belcher should be estopped to raise this defense. It argues that they were equally guilty of violating the licensing statute and asserts that the parties were in pari delicto, and the trial court should have left all guilty parties as it found them. Although this argument has some appeal, particularly where a rule so harsh as this is involved, we cannot address it because the record is devoid of any *Page 577 
evidence whatsoever to either support or contradict appellant's contention. An appellate brief reciting matters not contained in the record cannot be considered on appeal. Cooper v. Adams,295 Ala. 58, 322 So.2d 706 (1975); Coleman v. Estes, 281 Ala. 234, 201 So.2d 391 (1967).
The propriety of granting a motion for summary judgment must be tested by reviewing what the trial court had before it when it granted the motion. Mathis v. Jim Skinner Ford, Inc.,361 So.2d 113 (Ala. 1978). Pitman and Belcher established, in support of their motion for summary judgment, that: (1) AGCS (and Merkt) was unlicensed; (2) the building constructed was the type covered by § 34-8-1; and (3) the cost of the work was $20,000.00 or more. These facts were not disputed. Thus, the movants were entitled to summary judgment as a matter of law.Tucker v. Walker, supra. The plaintiff offered no evidence, by affidavit or otherwise, in opposition to the motion for summary judgment. No evidence was offered to establish estoppel on the part of the defendants. Thus, the trial court was left with no alternative but to consider uncontradicted evidence as true and to grant, based on the record before it, summary judgment in favor of the defendants and against the unlicensed contractor.Mims v. Louisville Title Insurance Company, 358 So.2d 1028
(Ala. 1978).
The licensing statute involved here has been described as a "penal one, and harsh results sometimes flow from the construction of a penal statute." Hawkins, supra, at 237. The decision of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, JONES and BEATTY, JJ., concur.
[1] While appellant points out that at the time the parties entered into the contract Merkt's business was a proprietorship and was incorporated only after the parties were engaged in performance of the contract, that has no significance because the statute, § 34-8-6, by its terms, is applicable to "anyperson, firm, or corporation not duly authorized." (Emphasis added.) Merkt was not licensed under § 34-8-1, et seq., either as an individual or as a corporation.