WRIGHT, Presiding Judge.
This appeal is taken from the order denying a motion to vacate the summary judgment granted to defendant Charles Densby Lowery against plaintiff Tommy Gorman in a suit on an oral construction contract.
Sometime in July or August of 1980, Tommy Gorman and Charles Densby Lowery discussed the construction of certain additions and improvements to Lowery’s residence. After several discussions, they agreed upon a price of $14,500. Gorman estimated that the job would require about *256 six weeks, and work began on or about October 15, 1980. No written contract was ever entered into by the parties, and at no time during the construction did plaintiff have a general contractor’s license from the state of Alabama.
Construction continued under the original agreement until January 1981, when Gor-man informed Lowery that he had no more money to buy materials and that the job was running more than expected. At that point, Lowery agreed to buy materials and pay Gorman and his help by the hour. On January 15, 1981, after several disagreements concerning the quality of Gorman’s work, Lowery told Gorman not to return to the job site. At that time, Lowery had paid Gorman or his workers a total of $10,909.30 for labor and materials. Construction of the addition and improvements, including the reworking of some of Gorman’s work, was completed by Padgett Construction Company at a cost of $13,000.
On March 20,1981, Gorman filed his original complaint against Lowery seeking $10,-000 for work and labor. Lowery filed an answer generally denying the allegations in Gorman’s complaint and further alleging that any agreement between Lowery and Gorman was null, void, illegal and unenforceable as against public policy and in violation of § 34-8-2, Code of Alabama 1975. That statute requires that general contractors in Alabama be licensed. Lowery moved for summary judgment based on the same argument. Lowery also filed a counterclaim against Gorman for breach of contract and damages of $13,000.
On October 23, 1981, Gorman filed an affidavit in opposition to the motion for summary judgment in which he denied that the total cost of the job exceeded $20,000 and claimed that the actual cost of the job totaled $17,936.23. The affidavit was supported by various receipts and checks for materials and labor. Gorman amended his complaint to reflect this new estimate of the actual cost of the job and to claim $8,693.73, with interest and costs. The judge thereafter entered an order granting summary judgment for Lowery and against Gorman.
On January 5, 1982, Gorman’s motion to vacate the summary judgment was denied without hearing. This appeal is taken from that order.
A motion for summary judgment is properly granted when “the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(e), A.R.Civ.P.; Sexton v. Liberty National Life Insurance Co., 405 So.2d 18 (Ala.1981). Thus, on appeal, there are basically two considerations: (1) is there any genuine issue of material fact underlying the adjudication; and (2) was the substantive law correctly applied? 6 J. Moore, Moore’s Federal Practice ¶ 56.27 (2d ed. 1976). In Alabama this test is applied in conjunction with the “scintilla evidence” rule, so that if there is a scintilla of evidence supporting the position of a party, summary judgment cannot be granted against that party. Rule 56, A.R.Civ.P., Committee Comment; Gross v. Republic Steel Corp., 400 So.2d 383 (Ala.1981).
In this case, summary judgment was granted based on plaintiff’s alleged violation of § 34-8-2, Code 1975, which requires that a “general contractor” doing business in Alabama be licensed. “General contractor” is defined in § 34-8-1, Code 1975 as “one who, for a fixed price, commission, fee or wage, undertakes to construct or superintend the construction of any building, highway, sewer, grading or any improvement or structure where the cost of the undertaking is $20,000 or more.” According to Tucker v. Walker, 293 Ala. 589, 592, 308 So.2d 245, 247 (1975), in order for the defendant to be granted summary judgment in such a case it must be shown: (1) that plaintiff was not licensed; (2) that the contracted work was of a type covered by the statute; and (3) that the cost of the work was $20,000 or more. Plaintiff Gor-man admits that he was not licensed. Section 34-8-7, Code 1975 specifically exempts from the provisions of the chapter “the *257 construction of any residence or private dwelling.” Both the plaintiffs complaint and the defendant’s counterclaim allege that the work was to be done on defendant’s “residence.” Plaintiff’s deposition states the contract was for residential construction. Thus, there appears to be a rather significant issue of fact which is stated to be in favor of plaintiff. Thus defendant’s defense of the statute is an issue of fact which is in conflict. The trial judge erred in granting summary judgment for the defendant. The order denying the motion to vacate the summary judgment is therefore reversed.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.