The appeal is from a judgment in favor of the plaintiff for damages.
James W. Morris filed an action against Oscar Goodwin, Bessie Lee Sanders and Purcell Sanders seeking $4,040 as the remaining amount due on a construction contract and the imposition of a lien. The case was tried before the court sitting without a jury and a judgment was rendered in favor of plaintiff for $4,263 and imposing a lien on the subject property to the extent of $4,040. After defendants' motion for a new trial was overruled, they appealed to this court.
The sole issue presented to this court is whether the trial court erred by finding for the plaintiff when the evidence showed that plaintiff was not a licensed general contractor as required by section 34-8-1, Code 1975.
Section 34-8-1, Code 1975 provides as follows:
 "For the purpose of this chapter, a `general contractor' is defined to be one who, for a fixed price, commission, fee or wage, undertakes to construct or superintend the construction of any building, highway, sewer, grading or any improvement or structure where the cost of the undertaking is $20,000.00 or more, and anyone who shall engage in the construction or superintending the construction of any structure or any undertaking or improvements above mentioned in the state of Alabama, costing $20,000.00 or more, shall be deemed and held to have engaged in the business of general contracting in the state of Alabama."
Defendants contend, and the evidence supports their contention, that the written contract entered into by plaintiff with them was for $25,000. They had orally agreed subsequently that the construction work would be done for $24,000. The evidence is undisputed that plaintiff was not a licensed general contractor.
Express or implied contracts entered into by an unlicensed general contractor are null and void because they violate public policy. Cooper v. Johnston, 283 Ala. 565, 219 So.2d 392
(1969). Moreover, such contracts are illegal and unenforceable by the unlicensed general contractor. Tucker v. Walker,293 Ala. 589, 308 So.2d 245 (1975).
Plaintiff replies that the contract that he made with defendants is not void and that it is enforceable because he had a joint venture with Lee Price in whose name the permit for the construction was issued by the city of Decatur, Alabama.
However we are not persuaded that this is a valid issue in the instant case. The case was commenced and tried as an action on a written contract. The plaintiff sought recovery of a specific sum based on this contract. The defendants said the work was not done or that it was done improperly. The major thrust of the evidence was in support of and opposed to the contentions of the parties. Only passing reference was made to the issue defendants raise on appeal, i.e. that plaintiff is barred from recovery because he lacks the necessary license.
The only comment the attorney for defendant made at trial concerning this issue was: "Your Honor, I believe the law is that — I would like an opportunity to check before we end this thing, but I believe the law is to the effect that if one is not a licensed general contractor by the State of Alabama, he has no right to recover anything including any of his price. I bring that to the court's attention."
Plaintiff testified that he was an unlicensed general contractor but that he was involved in a joint venture with a licensed contractor.
Defendants' attorney never raised the matter of a license again during the trial. Defendants never presented evidence to *Page 80 
dispute plaintiff's statements concerning the joint venture. Defendants' attorney never made any definitive statement of the law on the matter of the license during the trial.
In short, the case was not tried upon the effect of plaintiff's lack of a license or the effect of his alleged joint venture with a licensed contractor. The case was tried on contract law theories. "A party cannot try his case on one theory and then appeal on a separate theory." Vaughn v. Thomas,372 So.2d 1309 (Ala. 1979).
For these reasons the judgment of the trial court is affirmed.
AFFIRMED.
HOLMES, J., concurs.
WRIGHT, P.J., concurs in the result.