BRYAN, Judge.
 

 The plaintiff below, KLW Enterpi-ises, Inc. (“KLW”), appeals from a summary judgment in favor of the defendant below, West Alabama Commercial Industries, Inc. (“West Alabama”). We affirm.
 

 On December 4, 2007, KLW and West Alabama entered into a contract in which KLW agreed to refurbish 40 apartment units in Marengo County. The work to be performed by KLW consisted of (1) removing the old doors, windows, and associated hardware and installing new doors, windows, and hardware; (2) installing new vinyl siding and shutters; and (3) painting the interior and exterior of the units. The total contract price for the project was $401,850. A subsequent change order increased the contract price to $451,850.
 

 On December 12, 2007, KLW and West Alabama entered into a contract in which KLW agreed to perform the same kind of work on 34 apartment units in Macon County for a total price of $364,763. KLW was not licensed as a general contractor in Alabama when it entered into those contracts.
 

 KLW commenced performing the work required by the contracts; however, in June 2008, West Alabama demanded that KLW leave the job sites. KLW promptly left the job sites but claimed that West Alabama owed it a balance of $146,523. West Alabama refused to pay KLW any additional money. KLW filed a verified claim of lien in the amount of $83,552 plus fees and costs on the Marengo County apartments and filed a verified claim of lien in the amount of $62,971 plus fees and costs on the Macon County apartments.
 

 On October 6, 2008, KLW sued West Alabama, stating three claims: a claim seeking enforcement of the liens, a claim seeking damages for breach of contract, and a claim seeking recovery of the $146,523 under the theory of work and labor done. West Alabama initially moved the trial court to dismiss KLW’s claims on the ground that KLW was estopped from prosecuting its claims because it was not licensed as a general contractor in Alabama (“West Alabama’s estoppel defense”). The trial court heard the motion to dismiss but continued the hearing without ruling on that motion so that West Alabama could file a summary-judgment motion. Thereafter, West Alabama moved the trial court for a summary judgment based on West Alabama’s estoppel defense. West Alabama supported the summary-judgment motion with an affidavit signed by the executive secretary of the Alabama Licensing Board for General Contractors in which he attested that KLW was not licensed as a general contractor in Alabama.
 

 KLW opposed the summary-judgment motion with a pleading and a Rule 56(f), Ala. R. Civ. P., affidavit stating (1) that the basis of KLW’s opposition to the summary-judgment motion was that West Alabama was estopped from asserting its es-toppel defense because West Alabama was
 
 in pan delicto
 
 with KLW in its failure to comply with the Alabama statutes requiring that KLW obtain a general contractor’s license in order to perform its work under the contracts with West Alabama (“KLW’s
 
 in pari delicto
 
 argument”) and (2) that KLW needed to conduct discovery in order to obtain evidence in support of its
 
 in pari delicto
 
 argument. Following a hearing, the trial court entered a summary
 
 *138
 
 judgment in favor of West Alabama. In pertinent part, the judgment stated:
 

 “It is undisputed that the parties entered into a contract for the performance of certain work, and that [KLW] was not licensed to perform the work as a general contractor even though it was required to hold such a license pursuant to Ala.Code § 34-8-1, § 34-8-2, and § 34-8-6. As noted in
 
 White v. Miller,
 
 718 So.2d 88, 89-90 (Ala.Civ.App.1998), unlicensed contractors cannot recover for the unpaid portion of the contract price:
 

 “ ‘It is well settled that “[ejxpress or implied contracts entered into by an unlicensed general contractor are null and void because they violate public policy.”
 
 Goodwin v. Morris,
 
 428 So.2d 78, 79 (Ala.Civ.App.1983).
 

 “ ‘In
 
 Architectural Graphics & Constr. Servs., Inc. v. Pitman,
 
 417 So.2d 574, 576 (Ala.1982), our supreme [coui't] stated the following:
 

 “ ‘ “This Court has held that § 34-8-1, et seq., Ala.Code 1975, is not a law enacted solely for revenue purposes, but rather is regulatory legislation designed to protect the public against incompetent contractors and to assure properly built structures which are free from defects and dangers to the public.
 
 Cooper v. Johnston,
 
 283 Ala. 565, 219 So.2d 392 (1969).”
 

 “ ‘Our supreme court, in commenting on § 34-8-1, noted that the statute was “a penal one, and harsh results sometimes flow from the construction of a penal statute.”
 
 Hawkins v. League,
 
 398 So.2d 232, 237 (Ala.1981).’
 

 “[KLW] responds that the motion is not due to be granted because (1) discovery is outstanding, and/or (2) that the evidence presents a genuine issue of material fact whether [West Alabama] is estopped or otherwise prevented from asserting this defense as the parties were
 
 ‘in pari delicto.’
 
 [KLW] notes, accurately, that the Supreme Court once commented that such an argument ‘... has some appeal, particularly where a rule so harsh is involved.’
 
 Architectural Graphics & Constr. Servs., Inc. v. Pitman,
 
 417 So.2d [574,] 576-577 [(Ala.1982)]. This court agrees with that observation and notes the harsh, draconian effect of the defense, particularly where the parties are equally guilty of violating public policy. Nevertheless, the cited observation appears to be dictum that has not been adopted as law in this State. To the contrary, current Alabama law does not recognize any exceptions to the rule that public policy will not permit recovery by an unlicensed contractor regardless of the conduct of the other party.
 
 See, e.g., White v. Miller,
 
 718 So.2d at 90 (‘It is well settled, however, that the contractor “cannot, by way of estoppel, endow with validity a transaction which is illegal and against public policy.” ’) Since this court is not authorized to deviate from existing case-law, [KLW] is barred from recovering in this case. Further, I do not find the outstanding discovery to be material to the issue raised in the summary judgment motion, and therefore a continuance to obtain such discovery responses would not alter the outcome of this case.
 
 See, e.g., McConico v. State,
 
 [8 So.3d 308] (Ala.Civ.App.2008) (discussing, in another context, the requirement that the requested discovery be ‘material’). Therefore, judgment is rendered in favor of [West Alabama] against the claims of [KLW].”
 

 Following the entry of the summary judgment, KLW timely appealed to the Alabama Supreme Court, which transferred
 
 *139
 
 the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
 

 “ ‘We review a summary judgment de novo.’
 
 Potter v. First Real Estate Co.,
 
 844 So.2d 540, 545 (Ala.2002) (citation omitted). ‘Summary judgment is appropriate only when “there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.” ’
 
 Ex parte Rizk,
 
 791 So.2d 911, 912 (Ala.2000) (citations omitted).
 

 “‘In determining whether the non-movant has created a genuine issue of material fact, we apply the “substantial-evidence rule” — evidence, to create a genuine issue of material fact, must be “substantial.” § 12-21-12(a), Ala.Code 1975. “Substantial evidence” is defined as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.”
 
 West v. Founders Life
 
 As
 
 surance Co. of Florida,
 
 547 So.2d 870, 871 (Ala.1989).’
 

 “Callens v. Jefferson County Nursing Home,
 
 769 So.2d 273, 278-79 (Ala.2000) (footnote omitted). In deciding a motion for a summary judgment, or in reviewing a summary judgment, the court must accept the tendencies of the evidence most favorable to the nonmoving party and must resolve all reasonable factual doubts in favor of the nonmoving party.
 
 Bruce v. Cole,
 
 854 So.2d 47 (Ala.2003), and
 
 Pitney Bowes, Inc. v. Berney Office Solutions,
 
 823 So.2d 659 (Ala.2001).
 
 See Ex parte Helms,
 
 873 So.2d 1139 (Ala.2003), and
 
 Willis v. Parker,
 
 814 So.2d 857 (Ala.2001).”
 

 Hollis v. City of Brighton,
 
 885 So.2d 135, 140 (Ala.2004).
 

 KLW first argues that the trial court erred in entering a summary judgment without affording KLW an opportunity to conduct discovery to obtain evidence to support its
 
 in pari delicto
 
 argument. However, the mere pendency of discovery alone does not bar the entry of a summary judgment.
 
 Reeves v. Porter,
 
 521 So.2d 963, 965 (Ala.1988). The pendency of discovery renders the entry of a summary judgment erroneous only if the nonmovant establishes that the discovery is crucial to the nonmov-ant’s case.
 
 Id.
 
 In the case now before us, the discovery sought by KLW could not be crucial to its case unless KLW’s
 
 in pan delicto
 
 argument is a valid basis for overcoming West Alabama’s estoppel defense. Thus, the trial court did not err in entering the summary judgment despite the pendency of the discovery unless KLW’s
 
 in pan delicto
 
 argument is a valid basis for overcoming West Alabama’s estoppel defense.
 

 We agree with the trial court that the statement in
 
 Architectural Graphics & Construction Services, Inc. v. Pitman,
 
 417 So.2d 574 (Ala.1982), to the effect that an
 
 in pari delicto
 
 argument “has some appeal, particularly where a rule so harsh ... is involved” is merely dictum. 417 So.2d at 576. This is clear from the context in which the supíneme court made the statement:
 

 “In brief, AGCS argues under the facts in this case that Pitman and Bel-cher should be estopped to raise [their estoppel] defense. It argues that they were equally guilty of violating the licensing statute and asserts that the parties were in
 
 pari delicto,
 
 and the trial court should have left all guilty parties as it found them.
 
 Although this argument has some appeal, particularly ivhere a rule so harsh as this is involved, we cannot address it because the record is devoid of any evidence whatsoever to either support or contradict ap
 
 
 *140
 

 pellant’s contention.
 
 An appellate brief reciting matters not contained in the record cannot be considered on appeal.
 
 Cooper v. Adams,
 
 295 Ala. 58, 322 So.2d 706 (1975);
 
 Coleman v. Estes,
 
 281 Ala. 234, 201 So.2d 391 (1967).”
 

 417 So.2d at 576-77 (emphasis added). Moreover, KLW has not cited any case holding that an
 
 in pari delicto
 
 argument is a valid basis for overcoming an estoppel defense. Given the existence of supreme court precedent upholding the validity of the estoppel defense asserted by West Alabama and the nonexistence of supreme court precedent upholding the validity of the
 
 in pan delicto
 
 argument asserted by KLW, we cannot hold that KLW’s
 
 in pan delicto
 
 argument was a valid basis for overcoming West Alabama’s estoppel defense.
 
 See
 
 § 12-3-16, Ala.Code 1975 (“The decisions of the Supreme Court shall govern the holdings and decisions of the courts of appeals ....”). Therefore, discovery regarding KLW’s
 
 in pan delicto
 
 argument was not crucial to its case, and the trial court did not err in entering a summary judgment despite the pendency of discovery regarding that argument.
 
 See Reeves v. Porter,
 
 supra.
 

 KLW also argues that the trial court erred in entering a summary judgment because, it says, West Alabama’s es-toppel defense applies only to a home builder, as that term is defined by the Alabama Code, and KLW did not fall within that definition. However, we cannot consider this argument because the record does not establish that KLW presented it to the trial court.
 
 See Ex parte Ryals,
 
 773 So.2d 1011, 1013 (Ala.2000) (“[T]he appellate court can consider an argument against the validity of a summary judgment only to the extent that the record on appeal contains material from the trial court record presenting that argument to the trial court before or at the time of submission of the motion for summary judgment.” (citing
 
 Andrews v. Merritt Oil Co.,
 
 612 So.2d 409 (Ala.1992)) (emphasis omitted)).
 

 Finally, KLW argues that the trial court erred in entering a summary judgment because, it says, West Alabama’s es-toppel defense did not apply to KLW’s claim seeking recovery under the theory of work and labor done. However, we cannot consider this argument either because the record does not establish that KLW presented it to the trial court.
 
 Id.
 

 Accordingly, we affirm the summary judgment in favor of West Alabama.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
 

 THOMAS, J., concurs in the result, without writing.