THOMAS, Judge.
This is an appeal of a summary judgment entered by the Madison Circuit Court concerning the application of § 34-14A-14, Ala.Code 1975. We affirm.

Facts and Procedural History

Roseann Riedl and Bryan A. Riedl (“the Riedls”) entered into a contract with Jim King d/b/a King Home Services (“King”) to make improvements to the Riedls’ house in Brownsboro. The improvements entailed work throughout the entire property, including work to the yard and demolition and installation work to the house. The Riedls paid King a total of $14,075 for some, but not all, of the work specified in the contract. King was not at any time a licensee of the Alabama Home Builders Licensure Board.
The Riedls were unsatisfied with the work contracted for and performed by King. Consequently, Roseann filed a small-claims complaint in the small-claims division of the Madison District Court, alleging that King had damaged her house (“the district-court action”). Roseann sought compensation for repair work performed by other parties. In response, King filed an action in the Madison Circuit Court against the Riedls, alleging claims of breach of contract, unjust enrichment, restitution, and misrepresentation (“the circuit-court action”). In the district court, King requested that the district-court action be consolidated with the circuit-court action. After the Riedls also requested consolidation, the district-court action was transferred to the circuit court, and the two actions were consolidated.
The Riedls filed a motion for a summary judgment in the circuit court, asserting that King lacked standing to institute the circuit-court action because he was an unlicensed home builder. In response, King claimed that he did not need a license in order to enforce his contract with the Riedls. After a hearing, the circuit court entered a summary judgment in favor of the Riedls, dismissing all King’s claims against them. As to the Riedls’ remaining claims against King, the circuit court transferred those claims back to the district court because they were for an amount less than $3,000.[1] King filed an appeal of the summary judgment entered in the circuit-court action, which was transferred from our supreme court to this court pursuant to § 12-2-7(6), Ala.Code 1975.

Issues

King presents two issues on appeal: whether King violated § 34-14A-14 by pei-forming more than $10,000 worth of work without a residential home builders’ *193 license and whether the summary judgment as to King’s noncontractual claims was proper.

Standard of Review

“An order granting or denying a summary judgment is reviewed de novo, applying the same standard as the trial court applied. American Gen. Life & Accident Ins. Co. v. Underwood, 886 So.2d 807, 811 (Ala.2004). In addition, ‘[t]his court reviews de novo a trial court’s interpretation of a statute, because only a question of law is presented.’ Scott Bridge Co. v. Wright, 883 So.2d 1221, 1223 (Ala.2003). Where, as here, the facts of a case are essentially undisputed, this Court must determine whether the trial court misapplied the law to the undisputed facts, applying a de novo standard of review. Carter v. City of Haleyville, 669 So.2d 812, 815 (Ala.1995).”
Continental Nat’l Indem. Co. v. Fields, 926 So.2d 1033, 1034-35 (Ala.2005).

Analysis

I. Breach-of-Contract Claim

Section 34-14A-5, Ala.Code 1975, requires all home builders to be licensed by the Alabama Home Builders Licensure Board. A residential home builder is defined by § 34-14A-2(10), Ala.Code 1975, as follows:
“(10) Residential home builder. One who constructs a residence or structure for sale or who, for a fixed price, commission, fee, or wage, undertakes or offers to undertake the construction or superintending of the construction, or who manages, supervises, assists, or provides consultation to a homeowner regarding the construction or superintending of the construction, of any residence or structure which is not over three floors in height and which does not have more than four units in an apartment complex, or the repair, improvement, or reimprovement thereof, to be used by another as a residence when the cost of the undertaking exceeds ten thousand dollars ($10,000). . Nothing herein shall prevent any person from performing these acts on his or her own residence or on his or her other real estate holdings. Anyone who engages or offers to engage in such undertaking in this state shall be deemed to have engaged in the business of residential home building.”
(Emphasis added.) Thus, whether a license is required depends on the cost of the undertaking.
King argues that the cost of the undertaking in the present case was less than $10,000 because, he contends, work done to the Riedls’ porch, “doggie doors,” and fence should not be included in calculating the cost of the undertaking. King further argues that the Riedls had full control over the subcontractors and, thus, that he is exempted from obtaining a license by § 34-14A-6(5). Also, King contends that he did not have sufficient control over the subcontractors and materials for the amounts paid to those subcontractors and for those materials to contribute toward the cost of the undertaking. Finally, King argues that he was compensated for his work by periodic payments of less than $10,000 each, and, thus, he argues, he was not required to have a license.
Two of King’s arguments are raised for the first time on appeal: King’s argument that work done to the porch, “doggie doors,” and fence should be considered separately from work performed on the house in calculating the total cost of the undertaking and his argument that he did not have sufficient control over the subcontractors and, thus, falls within an exemption to the licensing scheme as out *194 lined in § 34-14A-6(5). Arguments not presented to the trial court are not proper arguments for appeal. Crews v. McLing, 38 So.3d 688, 696 (Ala.2009); Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992). Accordingly, we consider all the work performed by King to be work performed on a house, which requires a license if the cost of the undertaking is greater than $10,000.
King argues that there remains a genuine issue of fact regarding whether the cost of the undertaking was more than $10,000. The Riedls note that King’s admission that the costs of the undertaking exceeded $10,000 in his response to an interrogatory is in conflict with his affidavit filed in response to the Riedls’ motion for a summary judgment. King’s contradictory assertions in his response to an interrogatory and in his affidavit filed in response to the motion for a summary judgment do not create a genuine issue of a material fact regarding the cost of the undertaking. The Riedls’ seventh interrogatory to King stated:
“Regarding the contract alleged to have been breached by [the Riedls] within [King’s] Complaint, provide the total amount to be paid for said work and services under the terms of said contract, including any and all estimated or fixed costs for materials provided.”
King answered that the cost of the undertaking, under the terms of the contract, was “[i]n excess of $10,000.00.” However, King submitted affidavit testimony in opposition to the motion for a summary judgment that stated that “at no time was I contracted to receive in excess of $10,000.00 as payment for my services.” This contradiction cannot be used to create a genuine issue of material fact. Wilson v. Teng, 786 So.2d 485, 497 (Ala.2000) (“[Our supreme court] has held that ‘a party is not allowed to directly contradict prior sworn testimony to avoid the entry of a summary judgment.’ ” (quoting Continental Eagle Corp. v. Mokrzycki, 611 So.2d 313, 317 (Ala.1992))).
King further argues that his payments to subcontractors and for certain materials were under the control of the Riedls to an extent that those expenditures should not contribute to the cost of the undertaking. King relies on Dabbs v. Four Tees, Inc., 36 So.3d 542, 552 (Ala.Civ.App.2008), in which this court determined whether the cost of an undertaking should be reduced by the amount paid to other parties for the work performed. In so doing, the Dabbs court cited Thomas Learning Center, Inc. v. McGuirk, 766 So.2d 161 (Ala.Civ.App.1998), a case in which a plurality of this court determined that, “if the contractor retains control over subcontractors or over purchases passing through his accounts, then the owner’s payments for those expenditures add to the ‘cost of the undertaking.’ ” 766 So.2d at 168. We must therefore determine whether King presented substantial evidence demonstrating that he did not “re-taint ] control over subcontractors or over purchases passing through his accounts.” Id.
King argues on appeal that payments made through him for the countertop and carpet were ultimately controlled by the Riedls. Contrary to his argument on appeal, however, the evidence submitted in support of and in opposition to the motion for a summary judgment does not indicate that King was hired to install carpet or to install the countertop. King produced no evidence indicating that the payments he received were intended to pay for either of those tasks, or for the materials involved in those tasks. The evidence indicates that King provided “turn key” construction and supervision to the Riedls for an amount over $10,000.
*195 The Riedls made periodic payments to King as he worked on the property, which, King contends, represent separate transactions. Thus, King argues, the contracted amount never exceeded $10,000. We have rejected this argument before, albeit in a case concerning a licensing statute pertaining to general contractors that is similar to § 34-14A-14. McGuirk, 766 So.2d at 164-65. In that case, a contractor attempted to classify his payment to his architect as a separate fee, which would lower the cost of the undertaking and exempt the contractor from the requirement to obtain a license. Id. This court rejected the argument by stating: “[A] contrary holding would encourage unscrupulous contractors to avoid the requirements of the licensing statute by designating payments to subcontractors and suppliers incident to ‘separate contracts.’ ” Id. at 169. Similarly, allowing King to avoid licensure requirements by classifying a series of periodic payments as pertaining to separate contracts would render the residential home builder licensing statute meaningless. Thus, we conclude that there is no genuine issue of material fact on this issue and that the cost of the undertaking was over $10,000.
King violated § 34-14A-14 because he performed work, under his direct control and supervision, for more than $10,000. A residential home builder who fails to maintain a license with the Alabama Home Builders Licensure Board is statutorily barred from bringing or maintaining “any action to enforce the provisions of any contract for residential home building which he or she entered into in violation of this chapter.” § 34-14A-14; Milloy v. Woods, 23 So.3d 48, 51-52 (Ala.Civ.App.2009) (stating that an unlicensed residential home builder cannot bring a breach-of-contract claim). King admitted that he was not a licensed residential home builder before, during, or after the construction work on the Riedls’ house. Furthermore, the cost of the undertaking was more than $10,000. Therefore, King violated § 34-14A-14, and, thus, he has no standing to bring his breach-of-contract claim.

II. Noncontractual Claims

Because King could not bring an action to enforce his contract with the Riedls, King cannot use other theories of recovery to circumvent § 34-14A-14. King asserted theories of recovery including unjust enrichment, restitution, and intentional and/or negligent misrepresentation. The issue whether an unlicensed home builder can sue based on theories other than breach of contract when all the claims arose from work performed in violation of § 34-14A-14 is one of first impression. However, there is caselaw disallowing, such claims in actions concerning the statutory licensing scheme pertaining to general contractors codified at § 34-8-1 et seq., Ala.Code 1975. Because the intent and design of those statutes are similar to the intent and design of the licensing statutes pertaining to residential home builders, we incorporate the reasoning of those cases into our analysis:
“Related claims based on causes of action other than contract, including negligence, also cannot be pursued if they arise out of the performance of the illegal contract. White v. Miller, [718 So.2d 88,] 90 [ (Ala.Civ.App.1998) ]; see also Architectural Graphics and Const. Services, Inc. v. Pitman, 417 So.2d 574, 576 (Ala.1982) (Tf a suit to enforce the contract is foreclosed to an unlicensed contractor, so must be a suit by the same unlicensed contractor to collect on a note secured by a mortgage given in consideration of that contract.’); Cochran v. Ozark Country Club, Inc., 339 So.2d 1023 (Ala.1976) (same for work, labor, and materials furnished); Tucker v. Trussville Convalescent Home, Inc., 289 Ala. 366, 267 So.2d 438 (1972) (same for an action to establish a mechanic’s lien).”
*196 IPSCO Steel (Alabama), Inc. v. Kvaerner U.S., Inc., (No. Civ.A.01-0730-CG-C, May 25, 2005) (S.D.Ala.2005) (not reported in F.Supp.2d). This court has held that a “contractor cannot circumvent the licensing statute by asserting [alternative claims] when the facts surrounding his claims are grounded in contract.” White v. Miller, 718 So.2d 88, 90 (Ala.Civ.App.1998) (affirming a summary judgment in favor of a homeowner on fraud and deceit claims asserted by an unlicensed contractor). As explained in Architectural Graphics and Construction Services, Inc. v. Pitman, 417 So.2d 574, 576 (Ala.1982), this rule has prevented recovery in an action for work, labor, and materials furnished, in an action to establish a mechanic’s lien, and in an action based on a promissory note. King’s claims all arose from work he performed in violation of § 34-14A-14. Therefore, King cannot circumvent the purpose and intent of the statute by asserting noncontractual claims.

Conclusion

Because King contracted to perform work costing more than $10,000 without obtaining a license from the Alabama Home Builders Licensure Board, he cannot sue alleging breach of contract. Also, King cannot pursue his non-contractual claims because they arose out of the performance of the contract. Therefore, the decision of the circuit court is due to be affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
MOORE, J., concurs in the result, "without writing.

. King argues that the circuit court improperly transferred the district-court action back to the district court. Section 12-12-31(a), Ala. Code 1975, gives the district court exclusive jurisdiction when the matter in controversy does not exceed $3,000. Although we are unsure whether the actions should have been initially consolidated in the circuit court, neither party argues that the circuit court lacked the authority to consolidate the actions. The claims asserted in district-court action, however, could not be litigated in the circuit court; the circuit court, therefore, properly transferred the district-court action back to the district court. § 12-11-9, Ala.Code 1975.